IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN C. VANCE,

                Plaintiff,

  v.                                                  OPINION and ORDER

UNIT MANAGER RICE and                            23-cv-495-jdp
WARDEN LIZZIE TEGELS,

                Defendants.

---

    Plaintiff Steven C. Vance, appearing pro se, is incarcerated at Jackson Correctional Institution. Vance alleges that he was injured after he slipped and fell on a puddle created by an improperly serviced ice machine at the prison. He has made an initial partial payment of the filing fee as previously directed by the court.

    The next step is for me to screen Vance's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Vance's complaint does not state any claims that this federal court can hear.

    This federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the plaintiff raises a federal question or establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir.

2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Vance doesn't state a claim under federal law. Plaintiffs often bring federal claims for violations of their constitutional rights under 42 U.S.C. § 1983. But federal courts have generally concluded that slippery surfaces, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See, e.g.*, *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . . [T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." (citation omitted)).

Vance perhaps states Wisconsin-law negligence claims regarding the improperly serviced ice machine, but this court cannot hear those claims under its diversity jurisdiction because he alleges that both he and defendants are citizens of Wisconsin. The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of Vance's claims is appropriate because I see no allegations suggesting that he could amend his complaint to state a claim for relief in federal court. Therefore, I will dismiss the case for lack of jurisdiction. This case belongs in state court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered October 17, 2023.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge